Merrimack,
No. 5298.

WILLIAM MAYNARD, *Attorney General*

*v.*

HUGO DEGREGORY.

Argued January 5, 1965.
Decided April 30, 1965.

*William Maynard*, Attorney General, *R. Peter Shapiro*, Assistant Attorney General, and *Joseph F. Gall*, Special Assistant to the Attorney General (*Messrs. Shapiro* and *Gall* orally) for the Attorney General.

*Lawrence J. Walsh* and *Howard S. Whiteside* (of Massachusetts) (*Mr. Whiteside* orally), for the defendant.

LAMPRON, J.  The first issue raised by the defendant is whether under the circumstances of this case the Attorney General has power under RSA 588:8-a (supp) to question him, and whether the Superior Court has power to commit him for his refusal to answer the questions asked.

RSA 588:8-a (supp) reads in part as follows: "At any time when the attorney general has information which he deems reasonable or reliable relating to violations of the provisions of this chapter he shall make full and complete investigation thereof and shall report to the general court the results of this investigation, together with his recommendations, if any, for legislation."

We held in *Wyman* v. *DeGregory*, 103 N. H. 214, 216, 217 that this "statute does not require that there must be a violation of law before the legislative investigation can be set in motion. It only requires that there be reasonable and reliable information 'relating' to violations of the provisions of RSA ch. 588" relating to subversive activities.  This judgment was affirmed by the United States Supreme Court. *DeGregory* v. *Attorney General*, 368 U. S. 19.  That court, as recently as March, 1963, reaffirmed the broad inherent power of a legislature to conduct investigations "concerning the administration of existing laws as well as proposed or possibly needed statutes." *Gibson* v. *Florida Legislative Comm.*, 372 U. S. 539, 545.  See Annot. 3 L. ed. 2d 1647, 1650.

The defendant argues, however, that the Attorney General did not comply with RSA 588:8-a (supp) in that he failed to show (1) that he "has information which he deems reasonable or reliable relating to violations of the provisions of" RSA ch. 588, and (2) that he has reasonable cause to believe that the defendant has evidence pertinent to the subject under investigation.

It has long been recognized that the tenets of the Communist Party include the overthrow of government by force and violence. *Nelson* v. *Wyman*, 99 N. H. 33, 50; *Barenblatt* v. *United*

*States*, 360 U. S. 109, 128. That the State of New Hampshire has an interest in the preservation of its government against the menace of Communist subversion is firmly established. *Nelson* v. *Wyman, supra; Gibson* v. *Florida Legislative Comm.*, 372 U. S. 539, 547. Furthermore our Legislature has manifested a continuing concern to be kept informed by its investigating committee, the Attorney General, as to the need of "further legislation in the field of subversive activities." *Wyman* v. *DeGregory*, 103 N. H. 214, 217; RSA 588:8-a (supp); Laws 1961, 224:1 (*p*. 311) and 225:1 (*p*. 402); Laws 1963, 198:1 (*p*. 201) and 199:1 (*p*. 298).

In the present proceeding instituted in 1963 the Attorney General introduced in evidence a report to the Legislature, made by a prior Attorney General, showing the existence of a Communist Party and Communist influence in New Hampshire and the probable continuance of such activities in our state. Report of the Attorney General to New Hampshire General Court (January 5, 1955). In prior proceedings beginning in February 1960, the Attorney General attempted to obtain information from the defendant, which he is still seeking in the present proceedings. We hold that given the nature of the Communist movement and its mode of operation the above report could constitute information which the Attorney General could deem reasonable or reliable relating to violations of RSA ch. 588 and the proper basis for his present investigation of subversive activities on behalf of the Legislature. *Wyman* v. *DeGregory*, 103 N. H. 214, 217; *DeGregory* v. *Attorney General*, 368 U. S. 19; *Gibson* v. *Florida Legislative Comm.*, 372 U. S. 539, 547.

It was also stated in the above report that the then Attorney General had reliable information concerning defendant's participation in the Communist Party as an officer, a presiding officer at conferences in New Hampshire, and in numerous other party activities (*pp*. 204-206). When questioned by the Attorney General on November 22, 1963, and also in the Superior Court in the hearing which is the basis of this appeal, the defendant made the following statement: "I am not now a member of the Communist Party and have not been at any time since the authority you have cited, RSA 588:8-a; that I have no knowledge of any Communist activities in New Hampshire during this period or of any violations of RSA 588 during this period of six and one-half years." Even if taken at its face value, this statement does not render otherwise proper and pertinent in-

formation regarding his prior contacts and involvements with the Communist Party and its members in this state beyond the legitimate interest and jurisdiction of the Attorney General acting as the investigating committee of the Legislature. *Nelson* v. *Wyman*, 99 N. H. 33, 39; *Uphaus* v. *Wyman*, 360 U. S. 72, 78.

We hold, as we did in *Wyman* v. *DeGregory*, 103 N. H. 214, 217, that the Attorney General had reasonable and reliable information relating to violations of RSA ch. 588 which provided a valid and relevant basis for the investigation of the defendant. We hold further that the Superior Court could properly hold the defendant in contempt under RSA 491:19, 20 for his refusal to answer whether he was ever a member, a paid member, or an officer of the Communist Party; if he ever had access to or control of membership or financial records of the Party in New Hampshire or attended Party meetings; the extent of control of the Party activities in this state exerted by a Party unit in Boston of which he is alleged to have been an officer; if he attended Party meetings in New Hampshire where advocacy of the overthrow of the Government took place or persons conspired to so do; also questions as to his knowledge about the books, records or files of the Party in this state and about his contributions to its support. *Uphaus* v. *Wyman*, 360 U. S. 72; *Barenblatt* v. *United States*, 360 U. S. 109; *Wilkinson* v. *United States*, 365 U. S. 399; *Braden* v. *United States*, 365 U. S. 431.

Defendant's last contention is that if RSA 588:8-a (supp) is held to empower the Attorney General in the circumstances of this case, to require defendant to answer questions, this statute is in contravention of the Fourteenth Amendment. This is for the reason, in the words of his brief, "that the danger to the State, which must be present to warrant action under a statute like c. 588, s. 8A has not been shown to exist at any time during plaintiff's current attempts to question defendant, or in fact for years prior thereto."

As we have stated previously in this opinion the investigation of Communist Party activities in this state is within the power of our Legislature and the authority granted to its investigating committee, the Attorney General. Because of the nature of the Communist Party it is a proper and permissible subject of constant scrutiny by the Legislature. *Gibson* v. *Florida Legislative Comm.*, 372 U. S. 539, 547. A defendant's own past or present membership in the Party is within the purview of such

an investigation. *Id.* The nexus between the defendant and subversive activities disclosed by the report offered in evidence by the Attorney General and properly admitted by the Court, furnished adequate justification for his present interrogation of the defendant. The decisions in *American Committee for Protection of Foreign Born* v. *Subversive Activities Control Board*, 85 S. Ct. 1148; *Veterans of Abraham Lincoln Brigade* v. *Subversive Activities Control Board*, 85 S. Ct. 1153 (decided April 26, 1965) are not apposite to the situation existing in this case. This exercise by the State of its power adequately to inform itself in order to act and protect its legitimate and vital interests has not been "pressed, in this instance, to a point where it has come into fatal collision with the overriding constitutionally protected rights" of the defendant. *Uphaus* v. *Wyman*, 360 U. S. 72, 81.

*Exceptions overruled.*

DUNCAN, J., concurred in the result; the others concurred.

DUNCAN, J., *concurring:* The 1957 statute, under which this proceeding was instituted in 1963, directs the Attorney General to make an investigation of "violations" of the "Subversive Activities Act of 1951," or of "information . . . relating to" such violations. RSA 588:8-a (supp). Section 8-a and my views concerning it have not changed since it was under consideration four years ago in a prior proceeding against this defendant. See *Wyman* v. *DeGregory*, 103 N. H. 214, 218-219. The foundation for the most recent order that the defendant answer questions propounded by the Attorney General is once again the report made by Attorney General Wyman to the Legislature in 1955. However, I am bound to accept as decided law the interpretation placed upon *s.* 8-a, *supra*, by a majority of this court in *Wyman* v. *DeGregory*, *supra*, since affirmed by *DeGregory* v. *Attorney General*, 368 U. S. 19, and therefore concur in the order entered today.